UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   vs.<br><br>JERRY GOLLIHER,<br><br>       Defendant. | CR 13-50106-01-KES<br><br>MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION IN LIMINE |

    The United States of America, by and through Assistant United States Attorney Sarah Collins, submits the following Memorandum of Law in Support of its Motions in Limine:

    The United States previously filed seven motions in limine. Dct. # 33. The United States now moves this Court for an Order in Limine on an eighth motion in limine precluding the defendant and counsel for defendant from making any comment or reference, whether direct or indirect, to a claim of ignorance of the law. The United States anticipates defendant may argue that he did not understand that meeting with an undercover agent in the Safeway parking lot and speaking with the agent constituted a substantial step towards the crime of commercial sex trafficking and therefore was a crime in itself.

    The United States bears the burden of proving defendant intended to commit the offense of commercial sex trafficking and voluntarily and intentionally carried out some act which was a substantial step toward the crime. A "substantial step" must be something more than mere preparation,

yet may be less than the last act necessary before the actual commission of the crime. In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer viewing it in the context could conclude beyond a reasonable doubt that it was undertaken with a design to commit the offense. *See* 18 U.S.C. § 1591(a) & (e)(3) & 18 U.S.C. § 1594(a)(1); and 8.01 (2011); *United States v. Wagner*, 884 F.2d 1090 (8th Cir. 1989).

During the course of the sex trafficking operation, the defendant agreed to meet with an individual whom he believed he had been chatting with about purchasing sex with a 13 year-old girl. The purpose of the meeting was to finalize the details of the transaction. Defendant then met with an undercover agent in the Safeway parking lot in Rapid City at the time discussed in the online chat. Following a brief conversation during which the defendant confirmed he would pay $150 for a half hour of sex with the child, the defendant was taken into custody.

Following defendant's arrest, he was interviewed by law enforcement. During the interview defendant expressed a belief that he had not committed a crime with regards to solicitation of a minor, the state charge he faced at the time of the interview. As such, the United States anticipates he will argue that his ignorance of the law of attempt is somehow a defense or a mitigating circumstance the jury should consider.

The "general rule [is] that ignorance of the law or a mistake of law is no defense to criminal prosecution." *United States v. Voice*, 622 F.3d 870, 876 (8th Cir. 2010) (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)). The fact defendant may have been unaware that meeting and speaking with an undercover agent in the Safeway parking lot was a substantial step in furtherance of the offense charged in the indictment is not a valid defense because ignorance of the law does not excuse a defendant's conduct.

Furthermore, the government is not required to prove the defendant knew his acts were unlawful. Eighth Circuit Manual of Model Jury Instructions Criminal § 7.03. The word "knowingly" does not require proof that the defendant knew he was violating the law. *United States v. Docket*, 58 F.3d 1284, 1288 (8th Cir. 1995). The United States Supreme Court has explained "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law." *Bryan v. United States*, 524 U.S. 184, 192 (1998). Rather, "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Id.* at 193.

Because defendant's knowledge of the law is not an element the government must prove, the Court should exclude any reference by defendant or defense counsel which suggests defendant's lack of legal knowledge is a defense to the crime charged in the indictment.

CONCLUSION

Based on the foregoing the United States respectfully requests the Court grant its motion in limine.

Dated this 16th day of September, 2014.

                         BRENDAN V. JOHNSON
                         United States Attorney

                         <u>/s/ Sarah B. Collins</u>
                         Sarah B. Collins
                         Assistant United States Attorney
                         515 9th Street
                         Rapid City, SD, 57701
                         Telephone: (605) 342-7822
                         Facsimile: (605) 342-1108
                         E-mail: Sarah.B.Collins@usdoj.gov